IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DANIEL ROWE,

        Plaintiff,

vs.                                                          No.  11cv0311 DJS/KBM

CITY OF SANTA ROSA,

        Defendant.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (1) Defendant's Motion to Dismiss **[Doc. No. 14]** filed on June 3, 2011, and fully briefed on June 20, 2011, and (2) Plaintiff's Motion for Hearing **[Doc. No. 20]**, filed July 6, 2011.  Pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, Defendant moves the Court for an order dismissing Plaintiff's Complaint for Violation of the Clean Water Act (CWA).  Specifically, Defendant contends that because Plaintiff failed to give proper notice under the notice provisions of the CWA, 33 U.S.C. §1365(b)(1)(A) and 40 C.F.R. §135.3(a), the Court lacks subject matter jurisdiction and thus dismissal is mandated.  Second, Defendant moves for dismissal pursuant to Rule 12(b)(6) on the grounds that a citizen suit for violations of the Clean Water Act is not permitted against a public utility under the New Mexico Tort Claims Act.  Having reviewed the motion, the parties' pleadings, and the applicable law, the Court finds that Defendant's motion to dismiss is well taken and will be **GRANTED**.  Because the Court is dismissing the action, Plaintiff's motion for a hearing is **DENIED** as moot.

### I.   Background

Plaintiff is a property owner who has substantial frontage on the Pecos River immediately across from Defendant's Wastewater Treatment Plant.  Compl.¶12.  Plaintiff alleges Defendant has unlawfully exceeded effluent standards or limitations in violation of its discharge permits and the CWA.  Consequently, Plaintiff claims he suffers (1) property damage; (2) a threat to the health and welfare of his livestock; (3) severely limited use of his water well, and (4) limited use and enjoyment of his property, including development possibilities.  *Id.* ¶21. In addition to the imposition of statutory penalties, fees and costs, Plaintiff seeks declaratory, injunctive and remedial relief.

### II.  Standard of Review

Defendant moves the Court for dismissal of this action pursuant to  Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim for which relief may be granted.  FED.R.CIV.P.12(b)(1) and (b)(6).  Under both rules, all well-pleaded allegations are accepted as true and viewed in the light most favorable to Plaintiff.  *See Smith v. United States*, 561 F.3d 1090, 1097–98 (10th Cir.2009).

#### A.  Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited subject matter jurisdiction.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2104 (1982).  "The character of the controversies over which federal judicial authority may extend are delineated in Art. III, §2, cl.1"  *Id.*  "Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."  *Id.*  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.2002).  In determining whether subject matter jurisdiction exists, the

court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1002- 03 (10th Cir. 1995). A dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006); *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir.2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

**B.  Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED.R.CIV.P. 12(b)(6). The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

### III.  Discussion

Defendant argues the Court lacks subject matter jurisdiction to hear this case because Plaintiff failed to comply with the notice requirements of the CWA.  Accordingly, Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff brought this action pursuant to §1365(a)(1) of  the Clean Water Act (CWA), 33

U.S.C. §1251 *et seq.*, which authorizes citizen lawsuits against a defendant(s) alleged to be in

violation of the CWA and mandates:

> (a)      Authorization; jurisdiction
>
> Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf–
>
>> (1)      against any person (including (I) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the [EPA] or a State with respect to such a standard or limitation,

*Id.* §1365(a)(1).   However, no action may be commenced –

> (1)      under subsection (a)(1) of this section–
>
>> (A)      prior to sixty days after the plaintiff has given notice of the alleged violation (I) to the [EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
>>
>> (B)      if the [EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the Untied States any citizen may intervene as a matter of right.

*Id.* §1365(b)(1)(A) & (B).   Section 1365(b) states that notice "shall be given in such manner as

the [EPA] shall prescribe by regulation."   Under the EPA's regulation, a notice must meet the

following requirements:

> (a)      Violation of standard, limitation or order.   Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. §135.3.  "[T]he purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit."  *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 60, 108 S.Ct. 376, 383 (1987).  Therefore, "notice is to be evaluated from the recipient's perspective, and the notice's identification of the alleged violations must be clear."  *Karr v. Hefner*, 475 F.3d 1192, 1200 (10th Cir. 2007).  The CWA's notice requirement is to be strictly construed.  *New Mexico Citizens for Clean and Water v. Española Mercantile Co., Inc.*, 72 F.3d 830, 833 (10th Cir. 1996).

Defendant asserts Plaintiff failed to comply with the notice requirements under §1365(b)(1)(A).  Defendant contends Plaintiff sent his notice letter to the State of New Mexico Environmental Department and to the United States Environmental Protection Agency (EPA) but not to the Santa Rosa Wastewater Treatment Plant, the alleged violator.  However, Defendant notes that Plaintiff's notice letter was copied to counsel for the City of Santa Rosa.

In this case, the alleged "violator" is the City of Santa Rosa not the Wastewater Treatment Plant.  Because counsel for the City of Santa Rosa received notice, the Court finds that Plaintiff complied with the notice requirements of §1365(b)(1)(A).

Additionally, Plaintiff contends the notice letter fails to meet the "contents of notice" requirements set forth in 40 C.F.R. §135.3.  Specifically, Defendant claims that although the notice letter refers to NPDES Discharge Permit #0024988, a 200 page document, the notice letter does not state the specific standard alleged to have been violated.  Defendant also claims the notice letter does not identify the activity alleged to constitute a violation, the person or persons

responsible for the alleged violation, the location of the alleged violation, or the date of any

violation.  Def.'s Mem. Brief Support Mot. Dismiss at 4.

Plaintiff's notice letter states:

> This letter is on behalf of Dan Rowe.  Mr. Rowe is a property owner who has substantial frontage on the Pecos River immediately across from the Santa Rosa Wastewater Treatment Plant.  Mr. Rowe is aware that the Santa Rosa Wastewater Treatment Plant has had regular and irregular continuing and ongoing violations of its NPDES Discharge Permit #0024988[1] limits as well as other violations of the Clean Water Act and its regulations, including violations of its NM Groundwater Discharge permit #DP-665 causing releases that that (sic) impact waters under jurisdiction of the Clean Water Act.  This letter is to provide notice that pursuant to the Clean Water Act that a citizen suit will be filed. **The suit will include claims discussed in previous correspondence in addition to claims under the Clean Water Act.** In the event action is not taken by the US EPA for the above violations, including action to provide abatement of continuing, regular and intermittent ongoing and future violations, Mr. Rowe will proceed to exercise all of his rights under the Clean Water Act.

Pl.'s Response, Ex.1 December 1, 2010 Notice Letter (emphasis added).  This notice letter

standing alone does not meet the notice content requirements of 40 C.F.R. §135.3.   However, in

an attempt to meet the notice content requirements set forth in 40 C.F.R. §135.3, Plaintiff points

to the following sentence in his notice letter, "The suit will include claims discussed in previous

correspondence in addition to claims under the Clean Water Act." *Id.*  Plaintiff attached a March

15, 2010 "Demand Letter" to his December 1, 2010 notice letter. The Demand Letter is

addressed to Albert Campos, Jr., the Mayor of Santa Rosa, Mark Micelli, the Water Public

Works Superintendent, and David Romero, City Attorney and states in part:

> The City of Santa Rosa ("City") currently has two discharge permits regarding the Facility:[2]

---

[1] Defendant points out that the correct permit is NPDES Permit No. NM0024988.

[2] "Facility" refers to the Santa Rosa Wastewater Treatment Facility.

1)      National Pollutant Discharge Elimination System ("NPDES") No. NM 00224988; and

2)      DP-665 issued by New Mexico Environment department ("NMED").

A review of public records with respect to NPDES No. NM 00224988 details a history of the Facility exceeding its monthly discharge limits with respect to Biochemical Oxygen Demand ("BOD"); Total Suspended Solids ("TSS'); and F.coliform as set out in that permit. Additionally, public records detail a ten year period when the Facility was not operating under a valid NPDES permit. In 2006, however, the City entered into a consent agreement to continue operations at the Facility provided it did not violate the terms of its outdated permit.

Despite that consent agreement, in 2007 the City received unsatisfactory marks with respect to its operation and maintenance of the Facility. Notably, the City was admonished for misplacing flow calibration records, and was cited for allowing a hole in the liner of one of the lagoons to go unrepaired.

Previous to the consent agreement, the City also failed to renew its DP-665 permit after it expired in June, 2001 until compelled to do so by the NMED. Further public records with respect to the DP-665 permit indicate that waste water lagoons may be responsible for additional ground contamination. In October, 2008, the City reported that it had a very high rate of E. Coliform in these lagoons.

Pl.'s Response, Ex. 1.

Plaintiff argues"the December 1, 2010 Notice effectively relates back to the March 15, 2010 Demand Letter, and both letters provide notice with sufficient particularity to the NMED, EPA, and Defendant that a citizen suit under the *Clean Water Act* would be forthcoming should Defendant not remedy its on- going violations of its discharge permits pursuant to the Clean Water Act ." Pl.'s Response at 6. Plaintiff also submitted a July 27, 2010 letter addressed to Defendant's counsel and an April 5, 2010 letter in support of his argument that he complied with the notice content requirements of 40 C.F.R. §135.3. *Id.*; Ex. 3.

Finally, Plaintiff submitted an EPA Administrative Complaint and Findings of Violations and Order for Compliance. *See* Doc. No. 19. Plaintiff contends that "[i]n these documents, the EPA uses the same method to notify the City of Santa Rosa as the Plaintiff in this matter and

provides similar information regarding violations of its NPDES discharge permit."  Notice of

Filing at 1; Ex. 1 & 2.  The EPA's Administrative Complaint is termed "Proceeding to Assess a

Class I Civil Penalty under Section 309(g) of the Clean Water Act."  *Id.;* Ex. 1.  However, 33

U.S.C. §1365 (Citizen suits) and 40 C.F.R. §135.3 (Contents of notice) do not apply to the EPA.

Plaintiff is correct that the December 1, 2010 Notice and the March 15, 2010 Demand

Letter provided adequate notice to the NMED, EPA, and Defendant "that a citizen suit under the

Clean Water Act would be forthcoming . . . ."  Pl.'s Response at 6.  However, Plaintiff's Notice

letter does not meet the notice content requirements of 40 C.F.R. §135.3.  Besides lacking

specificity, the Notice letter and the Demand letter listed the wrong NPDES permit number.

Moreover, Defendant should not have to piece together four letters in an attempt to discern how

it is allegedly violating the CWA.   Accordingly, the Court will dismiss this action without

prejudice for lack of subject matter jurisdiction.  Because the Court is dismissing on this basis, it

will not address Defendant's argument to dismiss under Rule 12(b)(6).

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss **[Doc. No. 14]** is

**GRANTED.**   This action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing **[Doc. No. 20]** is

denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

8